UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KEVIN THOMAS                                                    PLAINTIFF

VERSUS                           CIVIL ACTION NO. 5:07cv160-DCB-MTP

CONSTANCE REESE, ET AL.                                         DEFENDANT

### REPORT AND RECOMMENDATION

This cause comes before the Court on the Report and Recommendation [**docket entry no. 59**] of United States Magistrate Judge Michael T. Parker that the defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [**docket entry no. 29**] be granted, that plaintiff's Motion to Strike [**docket entry no. 34**] be denied, that defendants' Motion to Strike Plaintiff's Responses and Replies [**docket entry no. 58**] be denied as moot, and that plaintiff's claims against defendants be dismissed with prejudice. Having considered the Report and Recommendation and the plaintiff's Objections to Magistrate Judge's Report and Recommendation [**docket entry no. 61**], having conducted a de novo review of those portions of the Report and Recommendation to which the plaintiff has objected in light of applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Kevin Thomas, plaintiff herein, currently is an inmate at the Federal Correctional Complex in Yazoo City, Mississippi - Medium Facility. Thomas filed this action based on a series of events

beginning on January 4, 2006 with a search of his cell.  Thomas alleges that, during this search, prison officers removed several items of his personal property including typewriter ribbon, typewriter eraser ribbon and various legal materials.[1]  Although, as the Magistrate Judge's Report reflects, all items of personalty taken from the plaintiff, to which he was entitled, were returned to him.  The defendants deny that any permissible legal reference materials were removed.

As required by Federal Bureau of Prisons ("BOP") regulations, Thomas first filed his grievance with the Unit Manager of the facility.[2]  At the facility level, Thomas' claims only focused on the wrongful removal of property.  He requested, as relief, not compensation for the property taken, but transfer to another BOP institution.

When his transfer request was denied, Thomas filed a formal Request for Administrative Remedy on April 19, 2006.  Here, for the first time, Thomas specifically claimed that legal reference

---

[1] The Magistrate Judge discussed the details of these legal materials, which included copies of Presentence Investigation Reports and copies of other inmates' legal documents, both of which are prohibited by facility regulations.

[2] The Federal Bureau of Prison's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. §§ 542.10-.19.  The ARP requires prisoner grievances to be pursued in the following order: (1) informally with prison staff; (2) by submitting a formal Administrative Remedy Request; (3) by appealing to the BOP Regional Director; and (4) by appealing finally to the BOP General Counsel.  Appeal to the BOP General Counsel constitutes exhaustion of administrative remedies.  Id.

materials were taken and he demanded compensation for the materials.  Warden Constance Reese denied his request on May 22, 2006.

On June 2, 2006, Thomas filed an appeal with the BOP Regional Counsel.  On the supporting documentation filed with his appeal, Thomas again failed to mention the taking of any legal reference materials.  The BOP Regional Counsel denied Thomas' appeal on July 12, 2006.

Thomas filed his final administrative appeal with the BOP's National Appeals Coordinator on July 30, 2006.  The appeal was denied on December 7, 2006, with instructions to Thomas to file a claim for the allegedly unreturned property under the Federal Tort Claims Act ("FTCA").

On January 3, 2007, Thomas filed a claim with the BOP under the FTCA.  There, he finally specifically identified which "legal materials" he claims were taken from his cell.[3]  Finding insufficient evidence to support Thomas' claims, the BOP's Regional Counsel denied the FTCA claim on June 22, 2007.

At no time during the administrative process did Thomas raise the issue of denial of access to the courts.  Rather, Thomas' requests for relief focused only on compensation for personal property taken.

---

[3] Thomas now alleges that, in addition to the typewriter ribbon and drumsticks, officers had wrongfully taken (1) Civil Trial Manual and (1) Weinstein Evidence Manual.

On August 16, 2007, Thomas filed a pro se action in this Court pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[4] The plaintiff filed an amended complaint on December 12, 2007, claiming that he had been deprived both of his personal property and of access to the courts. In both the initial and amended complaints, the plaintiff named as defendants only Constance Reese, Julie Southerland, and Z. Pleasant, each in her individual capacity as a federal officer.

On February 6, 2008, the defendants filed a Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment. On March 19, 2008, the plaintiff filed a Motion to Strike the Defendants' Motion to Dismiss or, in the Alternative, a Motion for Summary Judgment. Additionally, the plaintiff has filed several unauthorized "responses and replies" to the defendants' Motion for Summary Judgment **[docket entries nos. 50, 53, 54, 55, 56 and 57]**.[5] The defendants filed a Motion to Strike these unauthorized motions on July 18, 2008.

---

[4] A <u>Bivens</u> action brought against a federal actor is the equivalent of an action brought against a state actor under 42 U.S.C. § 1983. <u>Bivens</u>, 403 U.S. at 397. The plaintiff objects to the case at bar being characterized as a <u>Bivens</u> action. <u>But see</u> discussion <u>infra</u> pp. 7-8.

[5] The Magistrate Judge characterized these filings as "essentially sur-replies to the Motion for Summary Judgment," which it properly recognized as having been made without leave of court and in violation of the Local Rules. However, following a rule of lenity, the Magistrate Judge considered all of the plaintiff's filings in issuing its Report and Recommendation. We have followed the same rule of lenity in our analysis.

4

On July 30, 2008, United States Magistrate Judge Michael T. Parker issued a Report and Recommendation that the plaintiff's Motion to Strike be denied, that defendants' Motion to Strike Plaintiff's Responses and Replies be denied as moot, that defendants' Motion to Dismiss or, in the Alternative, for Motion for Summary Judgment, which the Magistrate Judge considered as a Motion for Summary Judgment, be granted, and that all plaintiff's claims against defendants be dismissed with prejudice.  On August 11, 2008, the plaintiff filed his Objections to the Report and Recommendation.  The defendants filed a Reply to Plaintiff's Objections on August 18, 2008 [**docket entry no. 62**].

In his Objections to the Magistrate Judge's Report and Recommendation, the plaintiff lists thirty-four separate disagreements with the Magistrate Judge's Report and Recommendation. Essentially, the plaintiff raises five main points of error: (1) that the Magistrate Judge improperly considered various "misrepresentations" made by the defendants; (2) that the Magistrate Judge improperly concluded Warden Reese lacked sufficient personal involvement to subject her to individual liability; (3) that the Magistrate Judge improperly considered whether the plaintiff properly had exhausted his administrative remedies; (4) that the Magistrate Judge inappropriately characterized the plaintiff's action as a *Bivens* action; and (5) that the Magistrate Judge failed to consider the impact of

technical problems with the facility's Electronic Law Library ("ELL") when evaluating the plaintiff's claim of denial of access to the courts.

First, the plaintiff claims that the Magistrate Judge considered several allegedly false statements made by the defendants. The Magistrate Judge addressed these statements in its Report and Recommendation and correctly concluded that the plaintiff has failed to establish that the identified statements are misrepresentations.

Second, the plaintiff contends that the Magistrate Judge erroneously determined that Warden Reese lacked significant involvement to be held personally liable. The Magistrate Judge's Report and Recommendation correctly recognizes that respondeat superior is unavailable in a Bivens action. Cronn v. Burrington, 150 F.3d 538, 544 (5th Cir. 1998). Therefore, in order to establish Warden Reese's individual liability, Thomas would have to show either (1) personal involvement in the alleged wrongful acts or (2) that Reese implemented a policy that resulted in deprivation of Thomas' constitutional rights. Id. The Court agrees with the Magistrate Judge that Thomas has failed to present any evidence supporting his allegation of Warden Reese's individual liability.

Third, the plaintiff objects to the Magistrate Judge's discussion of whether the denial-of-courts claim was raised during the administrative process. These objections are moot because, as

the Magistrate Judge concluded, the plaintiff has not made a sufficient showing to survive summary judgment on the merits of the action, regardless of any potential procedural deficiency.

Fourth, the plaintiff claims that the Magistrate Judge erred by analyzing his action as a <u>Bivens</u> action, rather than as an FTCA action.  Neither the initial complaint nor the amended complaint specifically identifies the claim as a <u>Bivens</u> action or an FTCA action.  Admittedly, "[t]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."  <u>Peavy v. WFAA-TV, Inc.</u>, 221 F.3d 158, 167 (5th Cir. 2000) (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 604 (5th Cir. 1981)).  However, the FTCA is not an available theory of recovery in the instant case.  The FTCA provides that the United States may be held liable for property loss caused by the negligent or wrongful act or omission of any employee to the same extent a private individual would be.  28 U.S.C. § 2674.  Importantly, "[a]ll suits brought under the FTCA must be brought against the United States."  <u>Atorie Air, Inc. v. F.A.A. of U.S. Dep't of Transp.</u>, 942 F.2d 954, 957 (5th Cir. 1991) (citing <u>Vernell v. U.S. Postal Service</u>, 819 F.2d 108, 109 (5th Cir. 1987)).  Here, Thomas has not sued the United States.  Rather, he sued only the three defendants in their individual capacities as Bureau of Prisons officers.  Therefore, the Magistrate Judge properly construed the

action as a Bivens action and applied the appropriate analysis.

Finally, the plaintiff argues that the Magistrate Judge did not consider adequately the problems with the Electronic Law Library ("ELL") when considering his claim of denial of access to the courts. The Court concurs with the Magistrate Judge's determination that the plaintiff had adequate access to legal materials to allow him to file all necessary legal pleadings.

After a de novo review of the portions of the Report and Recommendation to which the plaintiff has objected, the Court is unable to find any error. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation [**docket entry no. 59**] is **ADOPTED**.

**IT IS FURTHER ORDERED** that the plaintiff's Objection [**docket entry no. 61**] to the Report and Recommendation is **OVERRULED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Strike [**docket entry no. 34**] is **DENIED**, that defendants' Motion to Strike Plaintiff's Responses and Replies [**docket entry no. 58**] is **DENIED AS MOOT**, that defendants' Motion for Summary Judgment [**docket entry no. 29**] is **GRANTED**, and that plaintiff's claims against defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this the 5th day of September 2008.

              s/ David Bramlette

              **UNITED STATES DISTRICT JUDGE**